ALLOWED. The clerk will enter judgment for plaintiff. This matter is hereby ordered remanded to the ALJ and a new decision before a new ALJ. So ordered. /s/ Michael A. Ponsor USDJ 7-23-12

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM CABRERA,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Civil No. 3:12CV30029-MAP<br>) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>    Defendant. | )<br>)<br>)<br>) |

**MOTION FOR REMAND AND ENTRY OF JUDGMENT**
**<u>REVERSING THE COMMISSIONER'S DECISION</u>**
**(ASSENTED TO)**

Now comes the defendant, by and through the undersigned, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and requests the Court to reverse the Commissioner's Decision, remand this case for further action, and enter judgment for the plaintiff pursuant to sentence four of 42 U.S.C. § 405(g).

As grounds for this motion, the defendant states that remand is appropriate for additional administrative proceedings. Upon remand, the case will be assigned to a new Administrative Law Judge who will be directed to afford the plaintiff another opportunity for a hearing and issue a new decision.

Further, the defendant states that in <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993), the Supreme Court held that "the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g)." It is submitted that a remand here would be pursuant to sentence four, which confers on the Court the power to enter "a judgment